IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Parsons,                          Case No. 3:06 CV 2834

            Petitioner,              MEMORANDUM OPINION
                                          AND ORDER
       -vs-
                                          JUDGE JACK ZOUHARY
Robert Jeffreys,

            Respondent.

## BACKGROUND

*Pro se* Petitioner Larry Parsons filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody of the State and has alleged his detention violates the Sixth Amendment of the U.S. Constitution.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). The Magistrate recommended the Court dismiss the Petition because of procedural default (Doc. No. 16).

This action is before the Court on Petitioner's Objection to the Magistrate's Recommendation (Doc. No. 19). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

## DISCUSSION

### Factual and Procedural History

Petitioner did not object to the factual and procedural history in the Recommendation. The Recommendation accurately reports the factual background and the state court proceedings, and the Court adopts them in their entirety.

### Failure to Meet Procedural Requirements

Petitioner asserted eight claims for habeas corpus review in his Petition: (1) the trial court abused its discretion in denying the motion for continuance; (2) his conviction was against the manifest weight of the evidence; (3) the trial court erred in its review of the facts, resulting in falsified evidence; (4) the trial court erred in imposing a maximum five-year term of imprisonment; (5) the trial court permitted prosecutorial misconduct without sanctions; (6) Petitioner's ability to perfect an appeal was thwarted by the ineffective assistance of appellate counsel; (7) Petitioner's right to a fair trial was compromised by the ineffective assistance of trial counsel; and (8) the prosecutor engaged in misconduct.

As explained in the Magistrate's Recommendation, all eight of Petitioner's claims must be dismissed for failing to exhaust state remedies. A habeas petitioner must first exhaust the remedies available in a state court by fairly presenting his federal claims to the state courts, and unexhausted claims will not be reviewed by the federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). The exhaustion requirement is satisfied when "the highest court in the state

in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (internal quotation marks omitted). A petitioner can fail the exhaustion requirement by either neglecting to raise the claim on appeal or by procedurally defaulting on the claim in state courts.

The statute under which Petitioner seeks relief requires that claims be raised at each available avenue of state court review. 28 U.S.C. § 2254(b) ("[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that — (A) the applicant has exhausted the remedies available in the courts of the State . . . ."). Nor may a petitioner raise in a federal habeas claim a claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). If procedural default prevents a petitioner from raising one or more of his claims in state court, he has also waived those claims for purposes of federal habeas review unless he can either: (1) demonstrate cause for failing to comply with the procedural rule and actual prejudice resulting from the alleged constitutional error; or (2) show that he is actually innocent and a manifest injustice will result from the failure to review his claims. *Id.* at 87.

Claims Three, Five, Six, and Eight were not presented to the state court on direct appeal (Doc. No. 12, Exs. 11-12). This failure prevents this Court from reviewing those claims on the merits, absent a demonstration of cause and prejudice or actual prejudice, neither of which Petitioner has set forth facts to support. Therefore, the Magistrate's Recommendation correctly dismissed Claims Three, Five, Six, and Eight.

Claims One, Two, Four, and Seven were raised on direct appeal in some form (Doc. No. 12, Exs. 11-12), but were subsequently dismissed by the Ohio Supreme Court because the notice of appeal

3

was not filed in a timely manner (Doc. No. 12, Exs. 15-16), as required by Ohio's procedural rules. OHIO SUP. CT. R. II, Sec. 2(A)(1) (requiring a notice of appeal to the Ohio Supreme Court within forty-five days of the date of the state court of appeals decision). Petitioner failed to file a timely appeal to the Ohio Supreme Court, and the Court denied his motion for a delayed appeal (Doc. No. 12, Ex. 17).

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit held that a state procedural default on a claim will preclude federal habeas review when: (1) the state procedural rule is applicable to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Id.* at 138. Once a court establishes the three elements are present, the burden shifts to the petitioner to demonstrate cause for the procedural default and that he was actually prejudiced by the alleged constitutional error. *Id.* As discussed in the Magistrate's Recommendation and recognized by *Smith*, 463 F.3d at 431-32, the Ohio Supreme Court's filing deadline satisfies the *Maupin* test. Thus, Petitioner's state procedural default forecloses this Court from reviewing Claims One, Two, Four, and Seven.

**Evidentiary Hearing**

In his Petition, Petitioner also requested an evidentiary hearing. The Magistrate's Recommendation denied the request because Petitioner's claims present procedural issues that can be resolved upon review of the pleading and transcripts.

Evidentiary hearings for habeas petitions are appropriate when a petitioner shows a hearing is necessary in order to further develop the petitioner's constitutional claims. *Reynolds v. Bagley*, 498 F.3d 549, 555 (6th Cir. 2007). Here, as discussed *supra*, Petitioner has no constitutional claims for

4

which factual development would be necessary because he forfeited those claims when he failed to exhaust procedural requirements in state court. Therefore, the Magistrate correctly denied Petitioner's request for an evidentiary hearing.

## CONCLUSION

After conducting a *de novo* review of the portions of the Recommendation to which Petitioner objected, the Magistrate's Report and Recommendation is adopted. Petitioner's Writ (Doc. No. 1) is dismissed. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2008